IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIANE MARY FELTZ,

                        Plaintiff,                           OPINION & ORDER

    v.

                                                      13-cv-749-wmc

UNITED STATES,

                        Defendant.

---

*Pro se* plaintiff Diane Mary Feltz brought a wrongful death claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, which this court initially dismissed as barred by Wisconsin's three-year statute of limitations for medical malpractice and wrongful death claims. (Dkt. #9 (citing Wis. Stat. §§ 893.54(2), 893.55(1m).) Feltz then moved for reconsideration, arguing that her claim was not time-barred because she had been following the procedures under the FTCA for administrative exhaustion and had filed her claim within the deadlines set forth in the FTCA itself. (*See* dkt. #13.) The court agreed and reopened the case, finding that Feltz had at least made a colorable argument. (Dkt. #17.)

Pending is the United States' subsequent, formal motion to dismiss the case, arguing that because Wisconsin law treats statutes of limitations as "substantive" law, unlike the majority of jurisdictions, the Wisconsin statute of limitations is incorporated into the FTCA and is not preempted by the FTCA's own procedural rules. (*See* dkt. #25.) After reviewing the parties' arguments and the relevant case law, the court concludes that this case must be dismissed as time-barred by the applicable statute of limitations. Accordingly, the court will grant the United States' motion and dismiss this case with prejudice.

OPINION

Plaintiff's argument is that her claim should be governed by the FTCA notice of claim provision and statute of limitations, provisions with which she indisputably complied, rather than the three-year statute of limitations in Wis. Stat. §§ 893.54 and 893.55.[1]  The relevant FTCA provisions state that:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  In support, plaintiff cites *Fisk v. United States*, 657 F.2d 167, 170 (7th Cir. 1981), in which the court stated, "[t]o avoid anomalous results as the result of geographic fortuity, . . . the federal statute of limitations, set forth at 28 U.S.C. § 2401(b) (1976), controls whether. . . a claim [arising under the Federal Tort Claims Act] is time barred."  *See also Quinton v. United States*, 304 F.2d 234, 239-40 (5th Cir. 1962) ("[W]e look to . . . federal law to determine whether the [FTCA] action is stale" and "federal law then controls as to whether the plaintiff has timely instituted his suit to recover on that cause of action.")

In support of a contrary conclusion, the government relies on two cases, *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013), and *Wenke v. Gehl Co.*, 2004 WI 103, 274 Wis. 2d 220, 682 N.W.2d 405.  In *Augutis*, 732 F.3d at 752, the court reaffirmed the general principle that "the FTCA incorporates the substantive law of the state where the tortious act

---

[1]  Plaintiff's *pro se* response to defendant's motion to dismiss does not contain any substantive legal arguments, but the court is considering the arguments plaintiff made in her brief in support of reconsideration, when she had the assistance of counsel.

or omission occurred."  Applying that principle, the court held that an Illinois statute of repose barred a plaintiff's claim because "Illinois courts have consistently construed the four-year [statute of repose] as a *substantive* limit on liability, not a procedural bar to suit." *Id.* (emphasis added).   That court also expressly rejected the argument that § 2401(b) preempted the Illinois rule:  "The FTCA does not expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law; to the contrary, it expressly incorporates it." *Id.* at 754.

In *Wenke*, 2004 WI 103, the court also held that Wisconsin statutes of limitations are *substantive*, rather than procedural.

> [I]n most states, a statute of limitation merely extinguishes the plaintiff's remedy. This, however, was not and is not the law in Wisconsin. In Wisconsin, we adopted the minority proposition that the limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other. . . .Under Wisconsin law, statutes of limitation [are viewed as] substantive statutes because they create and destroy rights.

*Id.* at ¶ 55 (citations and internal quotations omitted).

Putting *Augutis* and *Wenke* together, the government argues that plaintiff's claim is barred because §§ 893.54 and 893.55 are substantive laws and the Federal Tort Claims Act does not preempt substantive state laws.  The court reluctantly agrees.  Admittedly, this result seems somewhat unfair -- given that a plaintiff seeking to bring an FTCA claim in Wisconsin would understandably review the procedural notice of claim and limitations provisions of the FTCA and assume that compliance with those provisions would protect her claim.  However, there appears no obvious way to distinguish the Seventh Circuit's *Augutis* decision from this case.  Moreover, *Fisk* is not controlling because the court in that

case was *not* considering a statute of limitations that had been construed as substantive by the state supreme court.  Because Wisconsin's substantive statute of limitations applies, and plaintiff brought this action after the limitations period had expired, her claim is, therefore, time-barred.  Accordingly, it must be dismissed.

ORDER

IT IS ORDERED that the United States' motion to dismiss (dkt. #25) is GRANTED.  This case is DISMISSED WITH PREJUDICE as time-barred under state applicable statute of limitations.  The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 31st day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge